# SCOTT BENNETT *v.* STATE OF MARYLAND

[No. 148, September Term, 1970.]

*Decided February 11, 1971.*

The cause was argued before MURPHY, C.J., and MOY-LAN and POWERS, JJ.

*Neal P. Myerberg* for appellant.

*Francis X. Pugh, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Joseph D. Weiner, State's Attorney for St. Mary's County,* and *David M. Williams, Assistant State's Attorney for St. Mary's County,* on the brief, for appellee.

MURPHY, C.J., delivered the majority opinion of the Court. POWERS, J., dissents. Dissenting opinion by POW-ERS, J., at page 250 *infra.*

Appellant was convicted at a court trial of violating the State's obscenity law, Maryland Code, Article 27, Section 418, by possessing, with intent to distribute, an issue of a newspaper publication known as the "Quicksilver Times." On appeal he claims the court erred in finding the publication obscene.

The State introduced the publication in evidence, claimed it to be hard-core pornography, and rested its case. It pointed out to the court that on five of the twenty-eight pages of the publication, a number of profane words were used, principally "fuck" and "motherfucker." It also invited the court's attention to an advertisement on page 27 of the paper under the general heading "Intercourse," as follows:

> "Dear Myrtle, whoever the fuck you are: Besides my just happening to be the world's greatest living human being, I just happen to love you, you cunt. * * *, signed, The Real, Living Jesus Christ, a/k/a Chief Showcase."

The court's attention was also directed to the "fuck ads," also appearing on page 27, wherein the following appeared:

> "ATTENTION: Men and Women: Now you too can have your own PENIS (artificial) — BIG like a BULL (9 inches!!) Soft like a lover — flesh color or soul black—Adults Only, please — lowest price ever—only $7 (send cash, check or money order to Imperial Imports * * *.)"

The appellant adduced expert testimony that the publication was not obscene within the legal criteria established by the Supreme Court in *Roth v. United States,* 354 U. S. 476, and its progeny.

The court found that the publication was hard-core pornography, requiring no expert testimony to establish that it was obscene. *See Donnenberg v. State,* 1 Md. App. 591; *Levin v. State,* 1 Md. App. 139. The court's conclu-

sion was primarily predicated on its belief that the so-called "fuck ad" on page 27 contaminated and polluted the entire twenty-eight page publication and rendered it obscene in its entirety.

In obscenity cases we are required to make an independent, reflective, constitutional judgment on the facts. *Dillingham v. State,* 9 Md. App. 669, and cases cited at page 673. We have done so, considering the publication as a whole, as did the lower court. The publication is typical of many now in circulation which are generally characterized as "underground newspapers"; it is mainly devoted to matters of particular interest to the so-called "new left." It contains articles commenting on contemporary events, both of a political and general nature, in a caustic and irreverent manner; the feature articles in the publication dealt with the women's liberation movement and abortion reform. Except for the occasional use of the words "fuck" and "motherfucker" on five pages of the paper, the only other items alleged to be obscene were the "Intercourse" advertisement and "fuck ads" on page 27. Gross and repulsive though they be, we conclude, under the present state of federal constitutional law, that the publication, considered as a whole, is not hard-core pornography or otherwise legally obscene. *See Woodruff v. State,* 11 Md. App. 202; *Dillingham v. State, supra; Lancaster v. State,* 7 Md. App. 602; *Donnenberg v. State, supra; Levin v. State, supra.* In so concluding, we have considered, but find no evidence of pandering in this case. *Compare Ginzburg v. United States,* 383 U. S. 463.

> *Judgment reversed without a new trial. Costs to be paid by the County Commissioners of St. Mary's County.*

POWERS, J., dissenting:

Appellant was convicted of having obscene matter in his possession with intent to distribute it. The possession

and intent are not questioned. The newspapers he had are within the statutory definition of "matter," in Code Art. 27, § 417. He contends they are not obscene.

The free speech and free press guaranties of the First Amendment do not protect obscenity, *Roth v. United States*, 354 U. S. 476, 77 S. Ct. 1304 (1957). The ever recurring question is, what is obscenity? There have been countless judicial opinions and other writings on the subject. I think that most deal with it as an academic exercise, in intellectual isolation from reality.

It has been well said that a trial is a search for the truth. I take it as equally true that an appeal is a search for the law. The Supreme Court has expressed various (and varying) perimeters of the answer. In its per curiam opinion in *Redrup v. New York*, 386 U. S. 767, 87 S. Ct. 1414 (1967) and in a series of per curiam orders following *Redrup*, that Court set aside State obscenity convictions on the ground that the material was constitutionally protected, regardless of which of the views of the members of the Court might be applied. Until the Supreme Court is prepared to come to grips with the issue, I think the search still goes on.

When, in reversing the judgment below in this case, the majority opinion says, referring to portions of the offending matter:

> "Gross and repulsive though they be, we conclude, under the present state of federal constitutional law, that the publication, considered as a whole, is not hard-core pornography or otherwise legally obscene,"

I perceive that my brothers take the position they do because of a combined sense of compulsion and frustration. I share the frustration, but I do not feel the compulsion.

When a person convicted of a crime raises a constitutional issue on appeal, it is our duty, in order to determine the applicability of the law, to make an independent, reflective constitutional judgment on the facts. My

252

independent, reflective constitutional judgment is that the offending matter is hard-core pornography, and is obscene, in violation of the statute under which appellant was charged and convicted.

I would affirm the judgment.